UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN PATRICK CURTIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-CV-1208-SNLJ |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Dustin Patrick Curtis's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the St. Charles County Department of Corrections, has filed his amended petition on the grounds that (1) his state court attorney did not allow him to testify at a hearing held on his ex-fiancee's motion for protective order, and (2) his state court attorney has not filed a pretrial motion to suppress or motion to dismiss. The petition will be summarily dismissed.

Plaintiff is a pretrial detainee at the St. Charles County Justice Center. He brings this action pursuant to 28 U.S.C. § 2241 against the State of Missouri. Review of the State of Missouri's online docketing system shows that plaintiff is a defendant in a criminal case currently pending in the circuit court for St. Charles County, where he is facing charges of kidnapping, rape or attempted rape, domestic assault, and unlawful use of a weapon. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018).

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when

"special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner does not allege he has been deprived of the right to a speedy trial or that he has been put in double jeopardy. The claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS FURTHER ORDERED** that petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment shall accompany this memorandum and order.

Dated this 28th day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE